# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

FREDERICK D. WASHINGTON, )
)
    Plaintiff, )
)
v. )    Case No. CV408-247
)
CSX TRANSPORATION )
(RAILROAD), )
)
    Defendant. )

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Frederick D. Washington moves this Court to proceed *in forma pauperis* (IFP) and thus file his case without paying the Court's $350 filing fee. Doc. 2. It is difficult to tell whether plaintiff is in fact indigent. He is unemployed, claims that he has only $12 in his checking account and has three dependents, but he lists his house as an $80,000 asset, although he does not state his equity in that property. Doc. 2 at 2. But the Court will give him the benefit of the doubt and **GRANT** his IFP motion.

Nevertheless, the Court must *sua sponte* dismiss his case because he fails to state a claim. While 28 U.S.C. § 1915 authorizes litigants like Washington to proceed IFP, such status is a privilege which may be denied when abused. That statute therefore authorizes courts to dismiss cases *sua sponte* if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a claim upon which relief may be granted, or (4) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2).

The Court is thus obligated to preliminarily review each IFP plaintiff's case under those § 1915(e) factors. To that end, the Court can *sua sponte* dismiss IFP cases "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Broner v. Wash. Mut. Bank, FA*, 258 F. App'x 254, 256 (11th Cir. 2007).

*Pro se* pleadings are held "to a less stringent standard than pleadings drafted by an attorney." *Hall v. Sec'y for Dep't of Corr.*, 2008 WL 5377741

at * 1 (11th Cir. Dec. 24, 2008) (unpublished) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007) (quotations omitted). And "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" *United Techs. Corp. v. Mazer*, ___ F.3d ___, 2009 WL 263329 at * 4 (11th Cir. Feb. 5, 2009) (quoting *Twombly*, 127 S.Ct. at 1964-65). Thus, the Court cannot simply "fill in the blanks." *See Bivens v. Roberts*, 2009 WL 411527 at * 3 (S.D.Ga. Feb. 18, 2009) (unpublished) ("judges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ") (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)).

Here, plaintiff alleges that he worked for defendant CSX Transportation until he was injured while preventing a train accident. After his supervisor discerned that he was eligible for "Federal Railroad

3

Administration" benefits,[1] CSX terminated him. Doc. 1 at 3-4. Washington thus would like this Court to "make me completely whole!" and grant him "reinstatement . . . back pay, overtime, interest, seniority, pain and suffering, [and] compensation for wrongful termination, etc." *Id.*

While there may be a federal remedy available,[2] plaintiff fails to invoke it.[3] And the *Twombly* pleading standard, even when applied to *pro*

---

[1] The Court has located this:

> The Federal Railroad Administration (FRA) was created by the Department of Transportation Act of 1966 (49 U.S.C. 103, Section 3(e)(1)). The purpose of FRA is to: promulgate and enforce rail safety regulations; administer railroad assistance programs; conduct research and development in support of improved railroad safety and national rail transportation policy; provide for the rehabilitation of Northeast Corridor rail passenger service; and consolidate government support of rail transportation activities. Today, the FRA is one of ten agencies within the U.S. Department of Transportation concerned with intermodal transportation. It operates through seven divisions under the offices of the Administrator and Deputy Administrator.

http://www.fra.dot.gov/us/content/2 (site as of Mar. 9, 2009). Plaintiff does not plead that the FRA legislation accords him the basis for a legal claim.

[2] Federal courts are of limited jurisdiction, rest on a presumption against jurisdiction, and must self-examine their jurisdiction. *Chacon-Botero v. U.S. Atty. Gen.*, 427 F.3d 954, 956 (11th Cir. 2005); *Mirage Resorts, Inc. v. Quiet Nacelle, Corp.*, 206 F.3d 1398, 1400-1401 (11th Cir. 2000); *accord Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260-61 (11th Cir.2000). Thus, plaintiff must plead a cause of action that supports this Court's subject-matter jurisdiction. That means he cannot rely on a purely state claim (*e.g.*, a worker's compensation or tort) absent a showing of diversity jurisdiction.

[3] Plaintiff does *not* cite to the Federal Employers' Liability Act or any other lawsuit-supporting legislation. *See generally* 32B AM. JUR. 2D *Federal Employers' Liability, Etc.* § 11 (Sep. 2008); *Weaver v. Missouri Pac. R.R. Co.*, 152 F.3d 427, 429 (5th

*se* plaintiffs, simply does not permit a Court to "reverse-engineer" a plaintiff's conclusion that he is entitled to relief. Instead, the plaintiff must plead facts and law showing *why* he is entitled to relief. He thus must assert non-conclusory allegations supporting the elements of his claims. *Rogers v. Nacchio*, 241 F. App'x 602, 607 (11th Cir. 2007); *Lambert v. United States*, 98 F. App'x 835, 839 (11th Cir. 2006) (inmate's conclusory allegations were insufficient to establish a medical malpractice claim). And he must at least say what the claim is (e.g., that there is some sort of federal statute prohibiting railroad employers from discharging employees merely for being injured on the job and applying for injury-based benefits), so that the defendant may have notice and this Court may assert jurisdiction.[4] Washington has simply failed to do that here. *See Nietzke*, 490 U.S. at 327 n. 6 ("A patently insubstantial complaint may be dismissed, for example, for

---

Cir.1998) (to prevail under FELA, a plaintiff must prove that (1) the defendant is a common carrier by railroad engaged in interstate commerce, (2) he was employed by the defendant with duties advancing such commerce, (3) his injuries were sustained while he was so employed, and (4) his injuries resulted from the defendant's negligence).

[4] For that matter, "Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' The complaint need only provide enough information to give a defendant fair notice of the plaintiff's claim and the grounds the claim is based on." *Broner*, 258 F.App'x at 255. Washington's complaint fails to do this.

want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)").

Accordingly, the Court **GRANTS** plaintiff Frederick D. Washington's motion to proceed IFP (doc. 2) but advises the district judge to **DISMISS** his complaint **WITHOUT PREJUDICE**.

**SO REPORTED AND RECOMMENDED** this 9th day of March, 2009.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA